## MORRIS MORTON *vs.* SHELDON WEBSTER.

In an action by a deputy sheriff upon a receipt for goods attached by him, in which a mortgage of the goods receipted for, executed by the owner to a third person, before the attachment, is relied on in defence, and it becomes a question whether a record thereof is genuine which appears to have been made, before the attachment, by a town clerk since deceased, declarations by the mortgagee immediately after the attachment that he gave directions to the town clerk, with whom the mortgage was left, not to record it till further instructions, are inadmissible as direct evidence in favor of the plaintiff; but if the mortgagee is called as a witness, and testifies that he gave directions to the town clerk, upon delivering the mortgage to him, to record it, such declarations are admissible to contradict his testimony.

A copy of the record of a mortgage of personal property, certified by the town clerk, and bearing a certificate of the time when the original was received for record, is only *prima facie* evidence that the mortgage was duly recorded.

CONTRACT in favor of a deputy sheriff upon a receipt dated February 6th 1857, in the usual form of a sheriff's receipt, signed by the defendant, for personal property attached by the plaintiff on a writ against Alonzo Day of Chicopee.

At the trial in the superior court, before *Rockwell*, J., the defendant offered evidence tending to prove that on the 1st of January 1856 Day mortgaged the property in question to Stephen M. Dart, to secure the payment of a note of $500, which was unpaid at the time the receipt was given, and that this mortgage was duly recorded and foreclosed before the attachment by the plaintiff. The plaintiff introduced evidence in reply, tending to prove that Dart gave directions to the town clerk of Chicopee, when he delivered to him the mortgage, not to record the same until he should instruct him so to do, and that it was not in fact recorded before the attachment. The plaintiff was also allowed to introduce evidence, under objection, of declarations by Dart to the officer, immediately after the attachment, and to the plaintiff in that suit, that his mortgage was not recorded because he gave directions to that effect. The jury returned a

verdict for the plaintiff, and, in reply to questions put to them, found specially that Dart did give directions to the town clerk not to record the mortgage until further directions, and that the mortgage was not left with the town clerk for record, and had not been recorded at the time of the attachment. The defendant alleged exceptions.

*E. D. Beach,* for the defendant.

*J. Wells & G. M. Stearns,* for the plaintiff.

Dewey, J. The verdict of the jury upon the questions submitted to them, would, if found upon competent testimony, be a sufficient answer to the defence founded upon the alleged mortgage to Dart, and the proceedings under the same. But, as it seems to us, the defendant may properly object, as he did at the trial, to the declarations of Dart, as inadmissible to prove the facts offered to be shown by them. They were naked declarations of what he did and said as to recording his mortgage. The object of their introduction was to defeat an outstanding title by record, set up by the defendant, in a third person, that would justify and excuse him for not delivering up the property on his receipt to the officer. Dart was a competent witness, and the question was as to the facts, and not as to his admissions. This evidence having been admitted, a new trial must be had for that cause.                    *Exceptions sustained.*

At the second trial in the superior court, before *Brigham,* J., after proof by the defendant of the execution of the mortgage to Day, a copy of the record of it, certified by the present town clerk of Chicopee, was introduced, bearing this certificate : " A true copy of the original, received January 1, 1856, at 7 o'clock and 10 minutes P. M.    Attest, Jona. R. Childs, Clerk." Childs was the town clerk of Chicopee on January 1st, 1856, and until March 1857, when he died.

In reply to this evidence, Lester Dickinson, the present town clerk, was called as a witness, and was allowed, under objection, to produce the book of records, containing the record of the mortgage, and to testify that the name of " Jona. R. Childs, Clerk," signed to the certificate above referred to, was not the

signature of Childs, but of William Briggs, a clerk of Childs. There was no evidence that Briggs had any authority to receive or record mortgages, or to subscribe the name of Childs to certificates of their receipt and registry. Evidence was also allowed to be introduced, under objection, that at the time when the attachment was made, the book of records was searched, and this mortgage was not then recorded therein.

The foregoing evidence, having been thus admitted under exception, was admitted for the purposes of the trial to be true.

A deposition of Dart was then read, in which he testified that he delivered the mortgage to Childs in January 1856 to be recorded, and directed him to record it, and did not give directions that it should not be entered upon the record until further orders. In reply to this the plaintiff called witnesses who testified to declarations by Dart, tending to contradict him in relation to the directions which he had testified that he gave to Childs.

Upon the facts not in dispute, *Brigham*, J. instructed the jury that the plaintiff was entitled to recover; and also instructed them to find whether Dart gave directions to Childs, when he delivered to him the mortgage, that it should not be recorded until further orders. The jury returned a verdict for the plaintiff accordingly, and found that Dart did give such directions to Childs.

The defendant alleged exceptions.

*Beach*, for the defendant.

*Wells*, for the plaintiff.

MERRICK, J. The copy of the mortgage certified by the town clerk was only *prima facie* evidence that it had been duly recorded; and this might be contradicted by proof of any circumstances sufficient to establish the fact that what purported to be a record was a forgery, or that the writing had been interpolated in the book of records by a person having no right or authority to place it there. *Commonwealth* v. *Chase*, 6 Cush. 248. *Hastings* v. *Blue Hill Turnpike Corp.* 9 Pick. 80. *Brier* v. *Woodbury*, 1 Pick. 362. The evidence offered by the plaintiff for this purpose was competent and rightly admitted. So also, after the deposition of Dart had been read to the jury by the defendant,

evidence of his statements and declarations out of court tending to contradict his testimony was admissible to disparage his credibility. The rulings of the presiding judge appear to have been in all respects correct, and the exceptions must be overruled.